| | |
|---|---|
| **FITAPELLI & SCHAFFER, LLP**<br>Joseph A. Fitapelli, *pro hac motion forthcoming*<br>Frank J. Mazzaferro, *pro hac motion forthcoming*<br>28 Liberty Street, 30th Floor<br>New York, NY 10005<br>Telephone: (212) 300-0375 | **BRUCKNER BURCH PLLC**<br>Richard J. (Rex) Burch<br>8 Greenway Plaza, Suite 1500<br>Houston, Texas 77046<br>Telephone: (713) 877-8788 |

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| **LESLIE DOYLE, on behalf of himself and all others similarly situated,**<br><br>             **Plaintiff,**<br><br>      v.<br><br>**ENSITE USA, INC.,**<br><br>             **Defendant.** | **CIVIL CASE NO.: 4:18-2941** |

## COLLECTIVE/CLASS ACTION COMPLAINT

Leslie Doyle ("Doyle"), individually and behalf of all others similarly situated, upon personal knowledge as to himself, and upon information and belief as to other matters, alleges as follows:

### SUMMARY

1.      This lawsuit seeks to recover overtime compensation for Doyle and other similarly situated employees employed by EnSite USA, Inc. ("EnSite").

2.      According to their website, EnSite "is a midsize, full service company providing project management, engineering, design, procurement, survey, GIS, construction management,

inspection, and land services to companies in the pipeline transmission, distribution and gathering system businesses."[1]

3. EnSite employs non-exempt day rate employees who assist in EnSite's operations.

4. Although non-exempt day rate employees generally work well over forty hours per workweek, EnSite does not pay its non-exempt day rate employees overtime premiums for hours worked over the forty hours in a workweek.

5. Instead, EnSite pays non-exempt day rate employees at a set daily rate, regardless of how many hours they worked. This violates the Fair Labor Standards Act (FLSA), Kentucky Wage and Hour Laws ("KWHL") and the Ohio Minimum Fair Wage Act ("OWA").

6. Doyle brings this action on behalf of himself and similarly situated current and former non-exempt day rate employees nationwide who elect to opt-in to this action pursuant to the FLSA, and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of the FLSA by EnSite that have deprived Doyle and other similarly situated employees of their lawfully earned wages

7. Doyle brings this action on behalf of himself and all other similarly situated non-exempt day rate employees in Kentucky pursuant to Federal Rule of Civil Procedure 23 ("Rule 23") to remedy violations of the KWHL KRS Chapter 337 *et seq.*

8. Doyle brings this action on behalf of himself and all other similarly situated non-exempt day rate employees in Ohio pursuant to Federal Rule of Civil Procedure 23 ("Rule 23") to remedy violations of the OWA Title XLI § 4111.03 *et seq.*

---

[1] https://www.ensiteusa.com/press/2017/08/31/qa-mike-smith/

## JURISDICTION AND VENUE

9. This Court has original jurisdiction under 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331(a), 1332(a), 1332(d), and/or pursuant to 28 U.S.C. § 1367.

10. The proposed collective action includes a total number of plaintiffs in excess of 100.

11. The amount in controversy is in excess of $5,000,000, exclusive of interests and costs.

12. Doyle and EnSite are citizens of different states.

13. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant resides in this District.

## PARTIES AND PERSONAL JURISDICTION

**Leslie Doyle**

14. Doyle is an individual employed by EnSite as a non-exempt day rate employee from in or around June 2015 through August 2015.

15. During this time, Doyle performed work for EnSite in Kentucky and Ohio.

16. At all relevant times, Doyle was an "employee" of EnSite as defined by the FLSA, KWHL, and OWA.

17. At all relevant times, EnSite was Doyle's "employer" as defined in the FLSA, KWHL and OWA.

18. A written consent form for Doyle is being filed with this Collective Action Complaint.

**EnSite USA, Inc.**

19. EnSite has owned and or operated EnSite USA, Inc., during the relevant period.

20. EnSite is a domestic business corporation organized and existing under the laws of Texas.

21. EnSite's principle executive office is located at 3100 S Gessner Rd., Ste. 400, Houston, TX 77063

22. EnSite is a covered employer within the meaning of the FLSA, KWHL and OWA and, at all times relevant, employed Doyle and similarly situated employees.

23. At all times relevant, EnSite maintained control, oversight, and direction over Doyle and similarly situated employees, including timekeeping, payroll, and other employment practices that applied to them.

24. EnSite applies the same employment policies, practices, and procedures to all non-exempt day rate employees at EnSite, including policies, practices, and procedures with respect to the payment of overtime compensation.

25. Upon information and belief, at all times relevant, EnSite's annual gross volume of sales made or business done was not less than $500,000.00.

26. EnSite has retained outside counsel who has arranged for service of process.

## FACTS

27. During the course of his employment, Doyle worked at least 12 hours per day, generally and anywhere from 21 to 35 days straight, performing non-exempt duties.

28. At EnSite, a non-exempt day rate employee's primary job duties are manual in nature.

29. EnSite's non-exempt day rate employees perform the primary type of work EnSite performs for its customers.

30. The work EnSite's non-exempt day rate employees perform is an essential part of the service EnSite performs for its customers.

31. EnSite's non-exempt day rate employees rely on EnSite for their work.

32. EnSite determined where its non-exempt day rate employees worked and how they performed their duties.

33. EnSite sets non-exempt day rate employees' hours.

34. EnSite's non-exempt day rate employees work exclusively for EnSite during their employment.

35. The non-exempt day rate employees generally work for EnSite for months on end.

36. While working for EnSite, the non-exempt day rate employees are not permitted to hire other workers to perform their jobs for them.

37. The non-exempt day rate employees do not employ any staff, nor do they maintain independent places of business.

38. EnSite's non-exempt day rate employees are paid based on the shifts they work.

39. They cannot earn a "profit" by exercising managerial skill, and they are required to work the hours required by EnSite (or its client) each day.

40. The non-exempt day rate employees cannot suffer a loss of capital investment.

41. Their only earning opportunity was based on the number of shifts they were allowed to work, which was controlled by EnSite.

42. EnSite pays the non-exempt day rate employees in return for their labor.

43. EnSite maintains control over pricing of the services its non-exempt day rate employees provide.

44. EnSite negotiates the rates charged to its clients for the non-exempt day rate employees' services and collects payment for these services directly from its clients.

45. Like all EnSite non-exempt day rate employees, Doyle received a day rate as his only form of compensation and did not receive overtime compensation when he worked over 40 hours in a workweek.

46. Doyle performed duties typical of a non-exempt day rate employee employed by EnSite.

47. While Doyle often worked in excess of 84 hours in a week, he never received overtime pay.

48. EnSite owes Doyle, and the other non-exempt day rate employees, like him, overtime wages.

49. By failing to pay its non-exempt day rate employees time and a half for each overtime hour worked over 40 in a workweek, EnSite violated the FLSA.

## COLLECTIVE / CLASS ALLEGATIONS

50. Doyle brings the First Cause of Action, an FLSA claim, on behalf of himself and all similarly situated persons who have worked as non-exempt day rate employees at EnSite nationwide, who elect to opt-in to this action (the "FLSA Collective").

51. Doyle brings the Second Cause of Action, an overtime claim under Kentucky state law, on behalf of himself and all similarly situated persons who have worked as non-exempt day rate employees at EnSite in Kentucky (the "Kentucky Class").

52. Doyle brings the Third Cause of Action, an overtime claim under Ohio state law, on behalf of himself and all similarly situated persons who have worked as non-exempt day rate employees at EnSite in Ohio (the "Ohio Class").

53. EnSite is liable under the FLSA, KWHL, and OWA for, *inter alia,* failing to properly compensate Doyle and other similarly situated non-exempt day rate employees.

54. Consistent with EnSite's policy and pattern or practice, Doyle and the members of the FLSA Collective, Kentucky Class and Ohio Class were not paid premium overtime compensation when they worked beyond 40 hours in a workweek.

55. All of the work that Doyle and the members of the FLSA Collective, Kentucky Class and Ohio Class have performed has been assigned by EnSite, and/or EnSite has been aware of all of the work that Doyle and the FLSA Collective, Kentucky Class and Ohio Class have performed.

56. As part of its regular business practice, EnSite has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Doyle and the members of FLSA Collective, Kentucky Class and Ohio Class. This policy and pattern or practice includes, but is not limited to:

   (a) willfully failing to pay its employees, including Doyle and the members of the FLSA Collective, Kentucky Class and Ohio Class premium overtime wages for hours that they worked in excess of 40 hours per workweek; and

   (b) willfully failing to record all of the time that its employees, including Doyle and the members of the FLSA Collective, Kentucky Class and Ohio Class have worked for the benefit of EnSite.

57. EnSite is aware or should have been aware that federal and state law required it to pay Doyle and the members of the FLSA Collective, Kentucky Class and Ohio Class overtime premiums for hours worked in excess of 40 per workweek.

58. Doyle and the members of the FLSA Collective, Kentucky Class and Ohio Class perform or performed the same primary duties.

59. EnSite's unlawful conduct has been widespread, repeated, and consistent.

60. There are many similarly situated current and former non-exempt day rate employees who have been underpaid in violation of the FLSA, KWHL, and OWA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

61. This notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

62. Those similarly situated employees are known to EnSite, are readily identifiable and can be located through EnSite's records.

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act – Overtime Wages

63. Doyle realleges and incorporates by reference all allegations in all preceding paragraphs.

64. EnSite has engaged in a widespread pattern and practice of violating the FLSA, as described in this Complaint.

65. At all relevant times, Doyle and the FLSA Collective were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

66. At all relevant times, EnSite employed Doyle and the FLSA Collective.

67. The overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to EnSite.

68. At all relevant times, EnSite has been an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

69. At all times relevant, Doyle and the FLSA Collective were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

70. EnSite has failed to pay Doyle and the FLSA Collective the overtime wages to which they are entitled under the FLSA.

71. EnSite's violations of the FLSA, as described in this Collective Action Complaint, have been willful and intentional.

72. EnSite has not made a good faith effort to comply with the FLSA with respect to its' compensation of Doyle and the FLSA Collective.

73. Because EnSite's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

74. As a result of EnSite's willful violations of the FLSA, Doyle and the FLSA Collective have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 *et seq*.

75. As a result of the unlawful acts of EnSite, Doyle and the FLSA Collective have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recover such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
### Kentucky Wage and Hour Laws – Overtime Wages

76. Doyle realleges and incorporates by reference all allegations in all preceding paragraphs.

77. EnSite has engaged in a widespread pattern and practice of violating the KWHL, as described in this Complaint.

78. The conduct alleged violates Kentucky Revised Statues, KRS Chapter 337.285.

79. At all relevant times, EnSite was subject to the requirements of the KWHL.

80. At all relevant times, EnSite employed each member of the Kentucky Class as an "employee" within the meaning of the KWHL.

81. The KWHL requires an employer like EnSite to pay employees at one and one-half times the regular rate of pay for hours worked in excess of 40 hours in any one week.

82. Doyle and the members of the Kentucky Class were entitled to overtime pay under the KWHL.

83. Within the relevant period, EnSite had a policy and practice of failing to pay overtime to Doyle and each member of the Kentucky Class for hours worked in excess of 40 hours per workweek.

84. Doyle and each member of the Kentucky Class are entitled to unpaid overtime in amount equal to one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek; prejudgment interest; all available penalty wages; and such other legal and equitable relief as the Court deems just and proper.

85. Doyle and each member of the Kentucky Class are entitled to attorneys' fees, costs, and expenses of this action, to be paid by EnSite, as provided by Kentucky law.

### THIRD CAUSE OF ACTION
### Ohio Minimum Fair Wage Act – Overtime Wages

86. Doyle realleges and incorporates by reference all allegations in all preceding paragraphs.

87. EnSite has engaged in a widespread pattern and practice of violating the OWA, as described in this Complaint.

88. The conduct alleged violates the OWA Title XLI § 4111.03 *et seq.*

89. At all relevant times, EnSite was subject to the requirements of the KWHL.

90. At all relevant times, EnSite employed each member of the Ohio as an "employee" within the meaning of the OWA.

91. The OWA requires an employer like EnSite to pay employees at one and one-half times the regular rate of pay for hours worked in excess of 40 hours in any one week.

92. Doyle and the members of the Ohio Class were entitled to overtime pay under the OWA.

93. Within the relevant period, EnSite had a policy and practice of failing to pay overtime to Doyle and each member of the Ohio Class for hours worked in excess of 40 hours per workweek.

94. Doyle and each member of the Ohio Class are entitled to unpaid overtime in amount equal to one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek; prejudgment interest; all available penalty wages; and such other legal and equitable relief as the Court deems just and proper.

95. Doyle and each member of the Ohio Class are entitled to attorneys' fees, costs, and expenses of this action, to be paid by EnSite, as provided by Kentucky law.

## PRAYER FOR RELIEF

**WHEREFORE**, Doyle, individually, and on behalf of all other similarly situated persons, respectfully requests that this Court grant the following relief:

A. That, at the earliest possible time, Doyle be allowed to give notice of this collective action, or that the Court issue such notice, to all non-exempt day rate employees and similarly situated employees who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, worked at EnSite. Such notice shall inform them that this

civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

   B. Unpaid overtime pay and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

   C. Unpaid overtime and additional amounts as penalties pursuant to the KWHL and OWA;

   D. Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the FLSA, as well as under the relevant state laws;

   E. Reasonable attorneys' fees and costs of the action; and

   F. Such other relief as this Court shall deem just and proper.

Respectfully submitted,

**/s/ Richard J. (Rex) Burch**

Richard (Rex) J. Burch
Texas Bar No. 24001807
S.D. Texas 21615
**BRUCKNER BURCH PLLC**
Richard (Rex) J. Burch
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Telephone: (713) 877-8788

**FITAPELLI & SCHAFFER, LLP**
Joseph A. Fitapelli, *pro hac motion forthcoming*
Frank J. Mazzaferro, *pro hac motion forthcoming*
28 Liberty Street, 30th Floor
New York, NY 10005
Telephone: (212) 300-0375

*Attorneys for Plaintiff and
the Putative Class*

## FAIR LABOR STANDARDS ACT CONSENT

1. I consent to be a party plaintiff in a lawsuit against Ensite and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2. By signing and returning this consent form, I hereby designate FITAPELLI & SCHAFFER, LLP ("the Firm") to represent me and make decisions on my behalf concerning the litigation and any settlement. I understand that reasonable costs expended on my behalf will be deducted from any settlement or judgment amount on a pro rata basis among all other plaintiffs. I understand that the Firm will petition the Court for attorney's fees from any settlement or judgment in the amount of the greater of: (1) the "lodestar" amount, calculated by multiplying reasonable hourly rates by the number of hours expended on the lawsuit, or (2) 1/3 of the gross settlement or judgment amount. I agree to be bound by any adjudication of this action by a court, whether it is favorable or unfavorable.

*Leslie Doyle*
Leslie Doyle (Feb 27, 2018)

Signature

Leslie Doyle

Full Legal Name (Print)