United States District Court
Southern District of Texas
**ENTERED**
August 23, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LESLIE DOYLE, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION H- 18-2941 |
| § | |
| ENSITE USA, INC., § | |
| § | |
| *Defendant*. § | |

## MEMORANDUM OPINION AND ORDER

Pending before the court is (1) a motion for partial summary judgment filed by defendant EnSite USA, Inc. ("EnSite") (Dkt. 65); and (2) a motion to stay filed by plaintiff Leslie Doyle (Dkt. 74). After considering the motion for summary judgment, response (which includes the motion to stay), reply, record evidence, and applicable law, the court is of the opinion that the motion to stay should be DENIED and the motion for partial summary judgment should be GRANTED.

### I. BACKGROUND

This case is about overtime compensation requirements. Doyle was employed by EnSite as a safety inspector from around June 2015 through August 2015. Dkt. 74, Ex. A. He claims that he was entitled to overtime compensation under the federal Fair Labor Standards Act ("FLSA"), Kentucky Wage and Hour Laws, and the Ohio Minimum Fair Wage Act, and that EnSite failed to pay him overtime in violation of these statutes. Dkt. 1. EnSite claims that Doyle was an administrative employee who was exempt from the FLSA's overtime requirements under the highly compensated employee exemption. Dkt. 12 (answer asserting FLSA exemptions); Dkt. 65 (motion for summary judgment). It asserts that Doyle was paid on a salary basis at $450 per day for six guaranteed days a week and his annualized earnings exceeded $100,000. Dkt. 65.

Additionally, EnSite asserts that Doyle's work was non-manual work not related to production that was directly related to the management and general business operations of EnSite's customers. *Id.* Doyle asserts that the highly compensated exemption does not apply because EnSite would only pay for days he was at the jobsite available to work and did not pay inspectors who were temporary workers for days off due to illness; thus, Doyle contends he was not guaranteed a salary. Dkt. 74. Moreover, he contends that his work was not office work and he engaged in manual work, so the administrative exemption does not apply. *Id.*

EnSite moves for summary judgment on Doyle's FLSA claim because (1) it properly classified Doyle as exempt; and (2) Doyle's claims are barred by the two-year statute of limitations for non-willful violations of the FLSA and Doyle has no evidence of a willful violation. Dkt. 65. Doyle argues that summary judgment is inappropriate because there are issues of material fact regarding whether EnSite's pay system is payment on a salary basis, whether Doyle performed non-manual work related to the management or general business of EnSite, and whether EnSite's violation of the FLSA was willful. Dkt. 74. Doyle also seeks a stay in the court's determination on the salary basis test pending the outcome of a case currently being considered by the Fifth Circuit. *Id.* EnSite argues that a stay is not necessary because it has shown the exemption applies regardless of the outcome of the Fifth Circuit case and Doyle cannot show a question of material fact supporting his contention that the exemption does not apply. Dkt. 75. The motion to stay and motion for summary judgment are now ripe for disposition.

## II. MOTION TO STAY

Doyle moves for a stay pending the outcome of *Hewitt v. Helix Energy Solutions Group* in the Fifth Circuit. Dkt. 74. *Hewitt* poses the questions (1) whether an employee paid on a daily rate is paid on a "salary basis" under certain FLSA overtime exemptions; and (2) whether employers claiming certain exemptions must satisfy both the minimum weekly required by the

statute and the reasonable relationship test of § 541.604(b). *See Hewitt v. Helix Energy Sols. Grp.*, 956 F.3d 341 (5th Cir. 2020) (holding that "an employee who is paid on a daily rate is not paid on a 'salary basis' under 29 C.F.R. § 541.602(a)"), *substituted by* 983 F.3d 789 ("So an employer can pay a daily rate under § 541.604(b) and still satisfy the salary basis test of § 541.602—but only if the employer complies with both the minimum weekly guarantee requirement and the reasonable relationship test."), *vacated by* 989 F.3d 418 (5th Cir. Mar. 9, 2021) (noting that the majority of judges voted in favor of a rehearing *en banc* with oral argument); *see also Hewitt*, 983 F.3d at 802 (Wiener, J., dissenting) ("Consistent with two other circuits, I would not apply the reasonable relationship test to highly compensated employees."); *Hewitt*, 983 F.3d at 803 (noting that the employee met the requirements of the highly compensated exemption and questioning why the "panel majority require[d] more" because, under Judge Wiener's reading, the text of § 541.601 does not require an employee meet § 541.604(b)'s reasonable relationship test). Doyle notes that EnSite argues in its motion that a reasonable relationship exists between the guaranteed amount and the amount Doyle earned, relying on the salary basis test interpretation in the now vacated *Hewitt* opinion. *See* Dkt. 74 (citing Dkt. 65). Doyle argues that the court should wait to rule on EnSite's motion until the Fifth Circuit issues an *en banc* opinion in *Hewitt*, as this will avoid expending unnecessary judicial resources. *Id.*

EnSite argues that the Fifth Circuit's *en banc* review in *Hewitt* does not warrant a stay. Dkt. 75 at 4 n.5. It asserts that the issue in *Hewitt* is not whether an employer can pay a daily rate to calculate an employee's salary, which it contends is clearly allowed under the regulations, but whether an employer claiming the highly compensated exemption must also comply with the reasonable relationship test in § 541.604(b). *See id.* EnSite notes that it is not arguing that it does

3

not have to comply with the reasonable relationship requirement and instead argues that it did comply with it, so the outcome of *Hewitt* does not impact its motion. *Id.*

In *Hewitt*, the employer contended that it did not need to comply with the requirements in § 541.604(b) because the plaintiff was a highly compensated employee under § 541.601 and paid on a daily rate. *See Hewitt*, 983 F.3d at 794. The panel concluded that § 541.601 does not address how to approach the analysis when an employee's salary is calculated on a daily basis and that § 541.604(b) clarifies that an employer can pay on a daily basis so long as certain conditions are met. 983 F.3d at 793. The dissenting judge reasoned that § 541.601 does not refer to § 541.604, and he would have held that there is no need to look beyond § 541.601 and the other regulation it refers to, § 541.602, to determine if an employee is highly compensated. 983 F.3d at 803 (Wiener, dissenting).

The big question then is whether the outcome of *Hewitt* matters in our case. EnSite contends that it met the requirements of § 541.604(b), so the outcome of *Hewitt* is inconsequential. It also argues that none of this matters because Doyle's claims are barred by the statute of limitations. The court agrees that if EnSite is able to show that Doyle is exempt either way and Doyle fails to show that there is a question of material fact regarding the exemption, then there is no need to stay the case while the Fifth Circuit contemplates the *Hewitt* plaintiff's fate. Additionally, if the claims are barred by limitations, *Hewitt* is inconsequential. The court therefore turns to the summary judgment arguments and evidence.

### III. MOTION FOR SUMMARY JUDGMENT

EnSite argues that it is entitled to summary judgment in its favor because (1) Doyle's claims are barred by the statute of limitations; and (2) Doyle was exempt from the FLSA's overtime requirements. Dkt. 65. The court will first set forth the legal standard for summary judgment motions, and then turn to the substance of the parties' arguments.

A. **Legal Standard**

A court shall grant summary judgment when a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] fact is genuinely in dispute only if a reasonable jury could return a verdict for the nonmoving party." *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986). If the moving party meets its burden, the burden shifts to the non-moving party to set forth specific facts showing a genuine issue for trial. Fed. R. Civ. P. 56(e). The court must view the evidence in the light most favorable to the non-movant and draw all justifiable inferences in favor of the non-movant. *Env't Conservation Org. v. City of Dallas*, 529 F.3d 519, 524 (5th Cir. 2008).

B. **Statute of Limitations**

The FLSA has a two-year statute of limitations for non-willful violations and a three-year statute of limitations for willful violations. 29 U.S.C. § 255(a). The parties agree that Doyle's FLSA claim arose more than two but less than three years before he filed suit. Dkts. 65, 74. EnSite argues that there is no issue of material fact indicating that it willfully failed to follow the requirements of the FLSA and that the court should therefore grant summary judgment in its favor on Doyle's FLSA claim. Dkt. 65. Doyle asserts that EnSite's main witness, Kimberly Braswell, was involved in a lawsuit prior to her work for EnSite during which she learned that pay practices like EnSite's were inconsistent with payment on a salary basis under the FLSA. Dkt. 74. Doyle contends that this involvement creates an issue of material fact as to whether EnSite willfully violated the FLSA. *Id.* EnSite argues, however, that courts cannot make inferences based on unrelated pieces of litigation, and, moreover, Doyle's evidence of Braswell's participation in the

5

other lawsuit does not suggest that Braswell, much less EnSite, knew or showed reckless disregard for the FLSA's exemption requirements. Dkt. 75. EnSite also points out that Braswell did not take over responsibilities in Doyle's department until July 2017, which is well after Doyle's tenure. *Id.* (citing Dkt. 65-1 ¶ 2).

"Under the FLSA, a violation is willful if the employer either knew or showed reckless disregard for . . . whether its conduct was prohibited by the statute." *Singer v. City of Waco, Tex.*, 324 F.3d 813, 821 (5th Cir. 2003) (citations and quotations omitted). The plaintiff bears the burden of demonstrating willfulness. *See McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 135, 108 S. Ct. 1677 (1988) (holding that the plaintiff "must prove that the employer's conduct was willful"). "Summary judgment in favor of the employer is inappropriate if the plaintiff has introduced evidence sufficient to support a finding of willfulness." *Ikossi-Anastasiou v. Bd. of Supervisors of La. State Univ.*, 579 F.3d 546, 552 (5th Cir. 2009). "Evidence that a defendant was merely negligent regarding FLSA requirements is insufficient to show willfulness." *Dacar v. Saybolt, L.P.*, 914 F.3d 917, 926 (5th Cir. 2018).

Braswell is EnSite's Vice President of Construction Management and Inspections Services; she has held this position since July 2017. Dkt. 65-1 ¶ 2. When Doyle worked for EnSite, Braswell was EnSite's Vice President of Business Development. *Id.* She was Vice President of another company that did field inspections of pipelines from 2000 to 2013. *Id.* When Braswell worked for her previous company, the company was sued under the FLSA for failing to pay overtime to inspectors. Dkt. 74, Ex. M. According to the complaint in that case, the inspectors were paid a day rate and not paid overtime. *Id.* Braswell's company contended that the inspectors were exempt from the FLSA's overtime requirements as highly compensated employees. Dkt. 74. Ex. N (Judge Hoyt's order on the motion for summary judgment). The court denied competing motions for

summary judgment because "the factual underpinnings are so intertwined with questions of law that the judicious avenue for a complete and final resolution of all issues is by trial." *Id.*

Doyle points to Braswell's deposition testimony in the previous lawsuit as evidence that she had knowledge of the FLSA's administrative and executive exemptions, what it means to be salaried under the FLSA, and what is considered a day rate salary. Dkt. 74 (citing Ex. O). Braswell indeed testified that she knew what the FLSA is and had spoken with the Human Resources department and upper management at the previous company about the statute but did not have any formal training on the FLSA. Dkt. 74, Ex. O at 17. She also testified about her previous company receiving a letter from an attorney in 1993 or 1994 stating that it was his opinion that inspectors were exempt status employees. *Id.* at 25. She stated that she thought the executive and administrative exemptions meant that "people exercise their judgment and independent authority in their daily operations." *Id.* When asked about the difference between a daily rate and salaried employee, Braswell answered, "They're one and the same. . . . If you have a salaried employee, perhaps, of $3,000 a month, it may be calculated to a daily basis to coincide with day-to-day work and billing." *Id.* at 124. She testified that she did not know what the "salary basis test" was. *Id.* at 126. She also testified that she believed it was appropriate not to pay a day rate employee for sick days because they are seasonal employees and her company's manual stated that they were not eligible for benefits. *Id.* at 152.

Doyle argues that Braswell knew that the company's pay practices were inconsistent with payment on a salary basis based on this testimony and the fact that the district court denied the company's motion for summary judgment. Dkt. 74. Doyle contends that Braswell thus knew that EnSite's pay practices, which are similar to Braswell's former company's pay practices, were illegal, but she recklessly permitted EnSite to continue a policy whereby inspectors were not paid

for absences due to illness. *Id.* Doyle asserts that this creates a genuine issue of material fact as to willfulness sufficient to survive summary judgment. *Id.* EnSite argues, however, that this unrelated litigation against a different company is not sufficient evidence to create an issue of material fact that EnSite knew its pay policy violated the FLSA. Dkt. 75.

Doyle cites *Sealey v. EmCare, Inc.*, No. 2:11-CV-00120, 2013 WL 164040, at *3 (S.D. Tex. Jan. 14, 2013) (Ramos, J.), to support his argument that the case against Braswell's former employer imputes knowledge to EnSite. In that case, Judge Ramos found that the "motions filed by Defendants and the resulting district and circuit court opinions" in a previous lawsuit "indicate that Defendants have a comprehensive knowledge of the FLSA and DOL regulations related to overtime pay." 2013 WL 164040, at *3. She concluded that a jury may determine, based on the defendants' knowledge from a previous lawsuit, that the defendants therefore knew the plaintiffs were entitled to overtime but were attempting to circumvent the regulations. *Id.* She consequently denied a motion for summary judgment on the willfulness issue. *Id.* The case settled before trial. *See* Dkt. 75 at 2 n.3; *see also Stout v. Spears*, No. 4:10-cv-1942, Order of Dismissal on Settlement Announcement (Dkt. 186) (Nov. 6, 2012).

This case differs from *Sealey* because there are no opinions in the district court and circuit court in the previous litigation that demonstrate that EnSite—or even Braswell's former employer—should have known that its pay practices violated the FLSA. The previous case to which Doyle directs the court merely shows that Braswell, who was not even in charge of Doyle's pay at the time he was employed by EnSite because she worked in a different department, was deposed in the previous lawsuit and answered that she believed the same pay practices did not violate the FLSA. The district court did not issue an opinion containing legal analysis that concludes that the pay practices violated the FLSA, so it is unclear how this lawsuit could have

given Braswell knowledge about the FLSA exemption requirements that she should have brought to her new company so that it would change its pay policies.

The court finds that the participation a vice president of the employer who is in charge of a different department in a lawsuit against the vice president's previous employer (a different company) dealing with similar issues that was settled prior to trial and did not have any orders from the court stating the practices were unlawful is not notice of unlawful practices and does not create an issue of material fact that the vice president's current company willfully violated the FLSA. Under U.S. Supreme Court precedent, a violation is willful if the employer "either knew or showed reckless disregard for . . . whether its conduct was prohibited by the statute." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133, 108 S. Ct. 1677 (1988); Singer, 324 F.3d at 821. Even if Doyle had provided evidence that Braswell had some influence over how Doyle was paid during the relevant time period (which he has not), her participation in the previous lawsuit does not show that she knew or recklessly disregarded the FLSA's requirements because no court or government regulating body determined during the previous lawsuit that her previous company engaged in conduct prohibited by the statute. An allegation that the pay practice was prohibited by the opposing party at most shows that there was a *possibility* it was prohibited. *Cf. Dacar*, 914 F.3d at 926 (noting that the facts that the legal landscape was unsettled on a particular pay method during the relevant time period and that the defendant had been party to a lawsuit that "settled without a final ruling on the merits to resolve the legality of the payment scheme" did not create a material fact as to a willful violation of the FLSA). That is not enough. EnSite's motion for summary judgment is **GRANTED** because Doyle has failed to present an issue of material fact that any alleged violation of the FLSA by EnSite was a willful violation, which means his FLSA claim is barred by the two-year statute of limitations for non-willful violations.

Because there is no question of material fact on the limitations issue, there is no need for the court to consider EnSite's argument that the highly compensated employee exemption applies. Additionally, there is no need to stay the case while the Fifth Circuit considers *Hewitt*.

**C.  State-Law Claims**

EnSite only moved for summary judgment on the FLSA claim and did not mention Doyle's state-law claims in its motion. *See* Dkt. 65. In his response, Doyle asserts that even if the FLSA's two-year statute of limitations applies, the case would continue because Kentucky's wage and hour statute has a five-year statute of limitations. Dkt. 74. In its reply, EnSite argues that the Kentucky claim does not provide a basis for continuing this case if the court grants the motion for summary judgment on the FLSA claim because the court will no longer have subject matter jurisdiction if the federal claim is gone. Dkt. 75 at 1 n.1.

Doyle's state-law claims were initially brought individually and as class action claims pursuant to Federal Rule of Civil Procedure 23. Dkt. 1. Doyle filed a motion to certify the Rule 23 classes (an Ohio class and a Kentucky class), but he subsequently withdrew his motion to certify in light of the court's decertification of the FLSA collective action. *See* Dkt. 66 (motion to certify); Dkt. 72 (order decertifying the conditionally certified FLSA collective action); Dkt. 73 (notice of withdrawal of motion for certification of Rule 23 class). He has not, however, voluntarily dismissed the Rule 23 claims, and EnSite did not move for dismissal of or summary judgment on the claims. So, even though Doyle has not moved to certify (given the withdrawal of the motion), the claims remain.[1]

Since the Rule 23 claims, which are federal claims, are technically still part of this case even though no class certification has been sought, the court cannot simply decline to exercise

---

[1] The deadline for pretrial motions was April 23, 2021. Dkt. 59.

supplemental jurisdiction over the state-law claims relating to Doyle as an individual *sua sponte*. *See* 28 U.S.C. § 1367(a). However, if there were no remaining federal claims, the court could decline to exercise supplemental jurisdiction over the state-law claims. See 28 U.S.C. § 1367(c). The court therefore ORDERS Doyle to show cause why is should not dismiss the Rule 23 claims[2] and why it should not thereafter dismiss the state-law claims asserted by Doyle as an individual. Doyle shall file briefing showing cause within twenty days of the date of this order.

### IV. Conclusion

Doyle's motion for a stay (Dkt. 74) is DENIED. EnSite's motion for summary judgment on Doyle's FLSA claim (Dkt. 65) is GRANTED. Doyle's FLSA claim is DISMISSED WITH PREJUDICE. Doyle shall show cause within twenty days of this order, as noted above, why the court should not dismiss the remaining claims.

Signed at Houston, Texas on August 23, 2021.

_____
Gray H. Miller
Senior United States District Judge

---

[2] The court notes that Doyle disagrees with its analysis with regard to the FLSA collective action and that his withdrawal of the Rule 23 motion was in recognition of the court's FLSA ruling, not an acquiescence that the claims were invalid. *See* Dkt. 73 ("Doyle respectfully disagrees with the Court's decision to decertify [the FLSA collective action] but recognizes this is a discretionary exercise. He also recognizes that most courts have held the standard for certification of an FLSA [collective action] is more lenient than certification under Rule 23."). However, the deadline to move for certification is now past.